UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MATTHEW VINCENT SALINAS, | ) | 1:11-CV-00729 LJO SMS HC |
| | ) | |
| Petitioner, | ) | |
| | ) | FINDINGS AND RECOMMENDATION |
| v. | ) | |
| | ) | |
| MATTHEW CATE, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On May 6, 2011, Petitioner filed the instant petition for writ of habeas corpus. Petitioner claims the imposition of a parole term after a completed sentence violates the double jeopardy clause. He also claims the denial of parole violates his state-created liberty interest in parole.

A.  Procedural Grounds for Summary Dismissal

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. See Herbst v. Cook, 260 F.3d 1039 (9th

Cir.2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

B.  Failure to State a Cognizable Federal Claim

As noted above, Petitioner raises two claims concerning his term of parole.  Both claims are plainly without merit.  First, Petitioner claims his parole term violates the double jeopardy clause.  He argues that the California Department of Corrections and Rehabilitation (CDCR) is requiring him to serve his complete term of imprisonment and then adding a parole term, when the parole term should be part of and credited against the term of imprisonment.  He claims the additional parole term is a second sentence in violation of the double jeopardy clause.   Petitioner is incorrect because the term of parole is not a second sentence.  As the appellate court stated in its decision rejecting the claim, Cal. Penal Code § 3000 requires that a sentence shall include a period of parole.  (See Petition, Ex. A.)   The term of parole occurs after completion of the term of incarceration, and "[p]arole is part of the sentence imposed but not part of the term served." (See Petition, Ex. A.) Therefore, Petitioner's claim is meritless.  In addition, Petitioner is challenging the interpretation of state statutes.  Generally, issues of state law are not cognizable on federal habeas. Estelle v. McGuire, 502 U.S. 62, 67, (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.' "), quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Gilmore v. Taylor, 508 U.S. 333, 348-49 (1993) (O'Connor, J., concurring) ("mere error of state law, one that does not rise to the level of a constitutional violation, may not be corrected on federal habeas"). Federal courts are bound by state court rulings on questions of state law. Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir.), cert. denied, 493 U.S. 942 (1989).

Petitioner also complains that the denial of parole as part of his sentence violates his state-created liberty interest in release on parole.  In Swarthout v. Cooke, ___ U.S.___,  131 S.Ct. 859, 863, 2011 WL 197627 (2011), the Supreme Court held that "the responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts, and is no part of the Ninth Circuit's business."  The Supreme Court stated that a federal habeas court's inquiry into whether a prisoner denied parole received due process is

1  limited to determining whether the prisoner "was allowed an opportunity to be heard and was
2  provided a statement of the reasons why parole was denied." Id., at 862, *citing*, Greenholtz v.
3  Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979).  According to the Supreme
4  Court, this is "the beginning and the end of the federal habeas courts' inquiry into whether [the
5  prisoner] received due process." Swarthout, 131 S.Ct. at 862. "The Constitution does not require
6  more [process]." Greenholtz, 442 U.S. at 16. Therefore, the instant petition does not present
7  cognizable claims for relief, and no cognizable claim could be raised if leave to amend were granted.
8  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971). The petition should be dismissed.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be SUMMARILY DISMISSED with prejudice for failure to state cognizable claims for relief.

This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within thirty (30) days after date of service of this Findings and Recommendation, Petitioner may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   May 26, 2011**          /s/ Sandra M. Snyder
                                    UNITED STATES MAGISTRATE JUDGE